**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00920-CV

_____

**PRASLA PROPERTY, INC., NAVROZ K. PRASLA, MEDIA FILMS CRAFT, INC., AND NAVROZMEDIANETWORK, INC., Appellants**

**V.**

**SPARK WEALTH INVESTMENTS, LLC, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-319828**

---

## DISSENTING OPINION TO DENIAL OF EN BANC RECONSIDERATION

This case presents an important question of law that our supreme court has not yet addressed. Can a court of appeals use its plenary power to grant, on its own motion, the relief sought in an untimely motion for rehearing?

The Court, by denying appellee's motion for en banc reconsideration, effectively answers this question "yes."

The Dallas Court of Appeals, sitting en banc, previously answered it "no."

Because I disagree with the Court's view, I respectfully dissent.

\*\*\*

Our Court notified appellants on November 25, 2025, that this appeal was subject to being dismissed because they had not paid the appellate fee or explained why no fee should be paid. The Court gave appellants until December 29, 2025 to comply. Appellants never responded to the Court's notice. As a result, on January 27, 2026, this appeal was dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3 (b)-(c).

Appellants had until February 11, 2026 to file a motion for rehearing or motion for en banc reconsideration. *See* TEX. R. APP. P. 49.1, 49.5. And until February 26, 2026 to request an extension of that deadline. *See* TEX. R. APP. P. 49.9.

Appellants did not comply with either deadline.

On March 10, 2026, more than a month after the initial filing deadline, appellants filed an untimely motion for rehearing stating that "[t]he dismissal occurred because Appellants were unfamiliar with the appellate process" and asking us to reinstate their appeal. This should have been the end of the story.

2

Instead, on March 30, 2026, the same day that our plenary power was set to expire, the Court, on its own motion (and over my dissent) granted the relief sought in appellants' untimely motion for rehearing—vacating our prior dismissal, reinstating the case, and dismissing the untimely motion for rehearing as moot. A concurring opinion described the rationale for this novel action. It stated that the Court's plenary power gives it the discretion to grant, on its own motion, the relief sought in an untimely motion for rehearing.

More than 3 months after the deadline set by the Court, appellants belatedly paid the appellate filing fee on April 2, 2026.

Appellees then timely moved for en banc reconsideration—and, today, the Court curiously denies that request.

***

Plenary power is broadly defined as the power of a court of appeals to dispose of any matter properly before it.[1] *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 751 (Tex. App.—Dallas 2006, pet. denied). This includes the authority to vacate, modify, or reconsider its own judgment during a defined window of time—within 60 days after the judgment if no timely motion for rehearing or motion for en banc

---

[1] Inherent power is a different concept. It is the grant of powers necessary for the exercise of the court's jurisdiction, the enforcement of its lawful orders, the administration of justice, and the preservation of its integrity and independence. *See* TEX. GOV'T CODE § 21.001.

reconsideration is filed *or* within 30 days after the court overrules all timely filed motions for rehearing and en banc reconsideration.[2] TEX. R. APP. P. 19.2.

During this window of time, our plenary power is broad. But is it boundless? Does it allow us, on our own motion, to do what the rules of procedure do not allow us to do?

***

The Dallas Court of Appeals was confronted with these same questions in a case similar to this one and answered them "no." *See Humble Expl. Co. v. Browning*, 690 S.W.2d 321 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), *cert denied*, 475 U.S. 1065 (1986).

In *Humble Exploration,* the Dallas court had dismissed that appeal and overruled a timely motion for rehearing. *Id.* at 325. The appellant then filed a second, *untimely,* motion for rehearing. *Id*. at 323, 325. And a majority of the court, like here, entered an order granting the relief sought in the *untimely* motion for rehearing—vacating the dismissal and reinstating the appeal. *Id.* at 323.

Appellee then asked the Dallas court to set aside that ruling. *Id*. at 322–23.

---

[2]    Once this window of time ends, a court of appeals' plenary power expires and it can no longer vacate, modify, or reconsider its own judgment. TEX. R. APP. P. 19.3.

The court in *Humble Exploration*, sitting en banc, thus had to decide whether its *ex parte* order granting the relief sought in the *untimely* motion for rehearing was a proper exercise of its plenary power.[3] *Id*. at 325.

In answering this question "no," the court noted that "[the] rules mean what they say and are to be followed and are not to be disregarded or circumvented." *Id*. at 327. And that a court of appeals thus lacks the authority to consider a document filed after the additional 15 days provided for in the rules for seeking an extension. *Id.* at 326 (discussing *B.D. Click v. Safari Drilling Corp*., 638 S.W.2d 860, 862 (Tex. 1982)); *see also Nwora v. Comm'n for Lawyer Discipline*, 252 S.W.3d 417, 418 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

Based on these foundational principles, the court explained that its exercise of plenary power "in a manner contrary to the expressed rules in an extra-legal fashion [was] without authority in Texas Jurisdiction." *Humble Expl.*, 690 S.W.2d at 327. And it concluded as follows:

---

[3]  *Humble Exploration* was decided just before the Texas Rules of Appellate Procedure were originally promulgated by the Supreme Court of Texas in April, 1986. William V. Dorsaneo, III, *The History of Texas Civil Procedure*, 65 BAYLOR L. REV. 713, 793, 796 (2013). But the pertinent rules governing the timeliness of a motion for rehearing, and the principle that the rules of procedure have the same force and effect as statutes, indisputably remain the same today. *See Humble Expl. Co. v. Browning*, 690 S.W.2d 321, 325 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (like current appellate rule 49.1, former rule of civil procedure 458 required a motion for rehearing be filed within 15 days of the judgment or decision); *see also In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (orig. proceeding) ("The Texas Rules of Civil Procedure have the same force and effect as statutes." (citing *Missouri Pac. R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex. 1973)).

It is the opinion of this court that when called upon to exercise plenary jurisdiction that extreme care and caution and very careful discretion should be exercised. We do not feel this was done in the untimely and *ex parte* granting of the motion to set aside our prior [dismissal] decision of July 11, 1984.

. . .

Since the court of appeals derives its jurisdiction from the Constitution, the court's power and authority to act is limited and controlled by the statutes and rules which govern its existence. These rules both create and limit the manner and method by which such power may be exercised. The Constitution, rules and laws are both inclusive of the power and authority of the court to act and exclusive of any [plenary] authority to act in a manner inconsistent with the statute or rules. Thus, where a rule authorizes a court to act in a specific manner it shall not be done otherwise.

*Id*. at 327–28.

This same rationale applies here.

Under Rule 49.9, the Court can consider and grant a late motion for rehearing *only if* the party filed an extension request "no later than 15 days after the last date for filing the motion." TEX. R. APP. P. 49.9. In the absence of some timely request, the appellate rules do not authorize the Court to grant the relief sought in a late motion for rehearing. *See B.D. Click*, 638 S.W.2d at 862; *see also Humble Expl.*, 690 S.W.2d at 327 ("If we have no authority under the rules to consider a late motion to extend the time for filing the record, the same rules deny us authority to consider a motion for rehearing of a late motion." (quoting *Carrao v. Comm. of the Unauthorized Prac. of Law, State Bar of Tex.*, 638 S.W.2d 183, 184 (Tex. App.—

Dallas 1982, no writ)).[4] Indeed, "the rules of civil and appellate procedure have the force and effect of statutory provisions. [A]nd] we must observe and follow the rules and have no authority to deviate from them." *N.N. v. Inst. for Rehab. & Research*, 234 S.W.3d 1, 14 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

And, as correctly determined by the Dallas Court of Appeals in *Humble Exploration*, the existence of plenary power does not overcome this bar. The defined window of plenary power does not allow the Court to circumvent or act inconsistently with the requirements in the rules of appellate procedure. *Humble Expl.*, 690 S.W.2d at 327–28. Yet, by granting the relief sought in the untimely motion for rehearing and reinstating this appeal, that is exactly what the Court does here.

Rule 2 provides a limited escape valve. It allows a court of appeals during its plenary power, and on its own initiative, to "suspend a rule's operation in a particular case and order a different procedure" for good cause shown. TEX. R. APP. P. 2. The "good cause" requirement in Rule 2 protects litigants from the boundless exercise of plenary power—especially when that exercise is inconsistent with what our rules of procedure say. If that were not true, then why have Rule 2 at all? But Rule 2 is of no consequence here because it was never invoked or satisfied.

---

[4] *See also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (recognizing that a motion for extension of time can be necessarily implied in certain circumstances).

Consequently, there is no basis under our rules or plenary power for the Court's action here. And that undercuts our sworn mission to ensure that the law is applied consistently and predictably across the board for all parties. The Supreme Court of Texas eloquently stated this concern more than 166 years ago as follows:

> Whoever undertakes to determine a case solely by his own notions of his abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates the law.

> A sense of justice, however, must and should have an important influence upon every well organized mind in the adjudication of causes. Its proper province is to superinduce an anxious desire to search out and apply, in their true spirit, the appropriate rules of law. It cannot be lost sight of. In this, it is like the polar star that guides the voyager, although it may not stand over the port of destination.

> To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty.

*Humble Expl.*, 690 S.W.2d at 328 (quoting *Duncan v. Magatte*, 25 Tex. 245, 253 (1860)).

Because I believe that the Court falls short of this duty in this case, I must respectfully dissent and urge our supreme court to weigh in on this important question.

Terry Adams
Chief Justice

En Banc Court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, Morgan, Johnson, and Dokupil.

Chief Justice Adams, joined by Justices Morgan and Dokupil, dissenting to the denial of en banc reconsideration.